IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| SEASONS (HK) LTD. and SEASONS USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DOLLAR TREE, INC., FAMILY DOLLAR STORES, INC., GREENBRIER INTERNATIONAL, INC., and MIDWOOD BRANDS, LLC, <br><br> Defendants. | Civil No. 2:22-cv-392-JRG-RSP |

**THIRD AMENDED DOCKET CONTROL ORDER**

In accordance with the Joint Motion for Entry of Amended Docket Control Order (**Dkt. No. 35**), which is **GRANTED IN PART,** it is hereby **ORDERED** that the following schedule deadlines is in effect until further order of this Court:

| Current Deadline | Amended Deadline | Description of Deadline |
|---|---|---|
| January 27, 2025 | | *Jury Selection – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| January 6, 2025 | | Pretrial Conference – 1:30 p.m. in **Marshall, Texas** before Judge Roy Payne |
| December 19, 2024 | | If a juror questionnaire is to be used, an editable (in Microsoft Word format) questionnaire shall be jointly submitted to the Deputy Clerk in Charge by this date.[1] |

---

[1] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire*

| | | |
|---|---|---|
| December 19, 2024 | January 3, 2025 | File Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |
| December 12, 2024 | December 23, 2024 | File Motions *in limine*<br><br>The parties are ordered to **meet and confer** on their respective motions *in limine* and **advise the court of any agreements in this regard by 1:00 p.m. three (3) business days before** the pretrial conference. The parties shall limit their motions *in limine* to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the court could not alleviate the prejudice with appropriate instruction(s). |
| December 5, 2024 | December 30, 2024 | Serve Pretrial Objections |
| December 5, 2024 | | File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov. |
| November 21, 2024 | December 23, 2024 | Serve Pretrial Disclosures |
| October 17, 2024 | November 27, 2024 | Defendant to Identify and Give Notice of Trial Witnesses |
| October 10, 2024 | November 20, 2024 | Plaintiff to Identify and Give Notice of Trial Witnesses |
| October 3, 2024 | November 1, 2024 | Deadline for Filing Dispositive Motions and any other motions that may require a hearing; including Daubert motions. |
| September 5, 2024 | October 10, 2024 | Expert Discovery Deadline |

2

| | | |
|---|---|---|
| August 15, 2024 | September 27, 2024 | Parties to designate responsive expert witnesses.[2] Expert witness reports due. Refer to Local Rules for required information |
| July 18, 2024 | September 13, 2024 | Parties to designate expert witnesses for issues on which they have the burden of proof.[3] Expert witness report due, Refer to Local Rules for required information |
| June 27, 2024 | September 6, 2024 | Fact Discovery Deadline |
| June 27, 2024 | September 6, 2024 | Deadline to File Motions to Compel Regarding Discovery Disputes. |

<u>OTHER LIMITATIONS</u>

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. <u>See</u> Eastern District of Texas Local Rule CV-7(h).

3. The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (a) The fact that there are motions for summary judgment or motions to dismiss pending;

    (b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

4. Mediation shall be attended, in person, by named parties (if an individual) or by a fully authorized representative (if not an individual) and by lead counsel. Third party insurance

---

[2] Defendants who are also Counterclaim Plaintiffs shall designate Expert Witnesses specific to such counterclaims at this deadline.

[3] Plaintiffs who are also Counterclaim Defendants, as well as third-party Counterclaim Defendants, shall designate Expert Witnesses specific to such counterclaims at this deadline.

carriers who may be obligated to indemnify a named party and/or who owe a defense to any party shall also attend mediation, in person, by means of a fully authorized representative. Non-compliance with these directives shall be considered an intentional failure to mediate in good faith.

5. Any motion to alter any date on the DCO shall take the form of motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

6. Lead Counsel: The Parties are directed to Local Rule CV-11(a)(1), which provides that "[o]n the first appearance through counsel, each party shall designate a lead attorney on the pleadings or otherwise." Additionally, once designated, a party's lead attorney may only be changed by the filing of a Motion to Change Lead Counsel and thereafter obtaining from the Court an Order granting leave to designate different lead counsel.

**SIGNED this 8th day of August, 2024.**

ROY S. PAYNE  
UNITED STATES MAGISTRATE JUDGE